| Fill in this information to identify your case: | | |
|---|---|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE | | |
| Case number *(if known)* _____ | Chapter | **11** |
| | ☐ Check if this an amended filing | |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy    4/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **API (USA) Holdings Limited** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **98-0073934** |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **3841 Greenway Circle** <br> **Lawrence, KS 66046** <br> Number, Street, City, State & ZIP Code <br><br> **Douglas** <br> County | **Mailing address, if different from principal place of business** <br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor   **API (USA) Holdings Limited**                                   Case number (*if known*)
             Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

Debtor   **API Americas Inc.**                              Relationship   **Affiliate**

District **Delaware**   When **2/03/20**   Case number, if known

Official Form 201    **Voluntary Petition for Non-Individuals Filing for Bankruptcy**    page 2

Debtor **API (USA) Holdings Limited**      Case number (*if known*) _____
         Name

**11. Why is the case filed in *this district*?**   *Check all that apply:*

- ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
         Contact name    _____
         Phone           _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☒ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☒ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor **API (USA) Holdings Limited**
Name

Case number (*if known*)

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **February 2, 2020**
MM / DD / YYYY

X **/s/ Douglas Woodworth**
Signature of authorized representative of debtor

**Douglas Woodworth**
Printed name

Title  **Director**

**18. Signature of attorney**

X **/s/ Monique B. DiSabatino**
Signature of attorney for debtor

Date **February 2, 2020**
MM / DD / YYYY

**Monique B. DiSabatino 6027**
Printed name

**Saul Ewing Arnstein & Lehr LLP**
Firm name

**1201 North Market Street**
**Suite 2300**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-421-6800**    Email address  **monique.disabatino@saul.com**

**6027 DE**
Bar number and State

## WRITTEN CONSENT
## OF
## THE BOARD OF DIRECTORS

      The undersigned, constituting the sole member of the board of directors of each of API Americas Inc., a Delaware corporation, and API (USA) Holdings Ltd., a Delaware corporation (each, a "Company"), in accordance with each Company's by-laws and the laws of the State of Delaware, hereby adopts the Bankruptcy resolutions set forth on Exhibit A hereto, and which are incorporated herein, with the same force and effect as if presented to and adopted at a meeting of the board of directors of each Company, duly called and held on January 31, 2020.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned, being all the members of the board of directors of each Company, have executed this consent effective as of the above date.

_____
Douglas B. Woodworth

*[Signature Page to Unanimous Written Consent – API Americas Inc. and API (USA) Holdings Ltd (Bankruptcy)]*

**Exhibit A**

**BANKRUPTCY RESOLUTIONS**

WHEREAS, the board of directors of each Company have (a) reviewed and considered certain materials presented by the management of each Company and each Company's financial and legal advisors, including, but not limited to, materials regarding each Company's liabilities, obligations, liquidity, and strategic alternatives, as well as the effect of the foregoing on each Company's business, and (b) had adequate opportunity to consider such materials, consult such persons regarding such materials, and obtain additional information regarding such materials from such persons;

WHEREAS, the board of directors of each Company believes it is desirable and in the best interest of each Company, its interest holders, its creditors, and other parties in interest, that each Company enter into certain agreements, certificates, instruments, powers of attorney, letters, forms of transfer, deeds, and other documents in furtherance of a potential transaction or series of transactions for the sale, disposition, and/or liquidation of some or all or substantially all of each Company's business and/or assets (the "Sale, Disposition, or Liquidation");

WHEREAS, the board of directors of each Company believes it is desirable and in the best interest of each Company, its interest holders, its creditors, and other parties in interest, that each Company file or cause to be filed a voluntary petition for relief (the "Bankruptcy Petition") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code");

WHEREAS, from and after the filing of the Bankruptcy Petition, each Company and/or certain subsidiaries and affiliates of each Company (collectively, the "DIP Borrowers") may enter into one or more secured or unsecured credit facilities pursuant to one or more credit agreements, letter of credit agreements, indentures, note purchase agreements, and/or other documentation (collectively, the "DIP Facilities Loan Documentation"), whereby revolving and/or term loans may be borrowed, notes and other securities may be issued, and/or letters of credit may be issued in an aggregate principal/face amount of no more than $7,500,000 at any one time outstanding (the "DIP Credit Facilities"), in each case, as may be increased from time to time only in accordance with the terms of the DIP Facilities Loan Documentation and the current credit agreement documentation of each Company and/or its subsidiaries and affiliates; and

WHEREAS, in connection with the DIP Credit Facilities, each Company and/or the other DIP Borrowers may be required to execute and deliver or cause the execution and delivery of: (a) pledge agreements, security agreements, mortgages, control agreements, escrow agreements, security instruments, and other collateral agreements (collectively, the "DIP Facilities Collateral Agreements"), pursuant to which each Company would grant security interests in and liens on certain of its property and assets to secure, among other things, the payment and performance of obligations of the DIP Borrowers under the DIP Facilities Loan Documentation; (b) certain guaranty agreements (collectively, the "DIP Facilities Guaranty Agreements"), whereby each Company and/or the other DIP Borrowers would guarantee the payment and performance of the obligations of any or each other DIP Borrower under, among other things, the DIP Facilities Documentation; and (c) intercreditor agreements, collateral trust agreements, amendments, supplements, certificates, powers of attorney, proxies, documents, papers, and instruments related to the foregoing for the purposes of consummating the transactions contemplated by the DIP Facilities Loan Documentation (collectively with the DIP Facilities Collateral Agreements, and the DIP Facilities Guaranty Agreements, the "DIP Financing Documentation").

NOW, THEREFORE, IT IS HEREBY RESOLVED, that any of the directors or officers, including any chief restructuring officer or any duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered on behalf of each Company and its subsidiaries and affiliates to enter into a transaction or series of transactions by which each Company and/or its subsidiaries and affiliates will attempt to restructure and/or resolve its debt obligations and other liabilities, including, but not limited to entry into any Sale, Disposition, or Liquidation transactions; and it is further

RESOLVED, that each of the Authorized Officers (and such Authorized Officers' designees and delegates) be, and hereby is, authorized, directed, and empowered to take all actions or to not take any action contemplated in these resolutions as the sole shareholder, partner, member, managing member, or manager of each direct or indirect subsidiary of each Company, as such Authorized Officers shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or desirable to effectuate the purposes of the transactions contemplated herein, including, but not limited to, directing the direct or indirect subsidiaries of each Company, as applicable, to effectuate any Sale, Disposition, or Liquidation transactions; and it is further

RESOLVED, in accordance with the requirements in each Company's governing documents and applicable law, the board of directors of each Company hereby consents to, authorizes, and approves each Company's filing of a Bankruptcy Petition; and it is further

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered to execute and file a Bankruptcy Petition on behalf of each Company and to execute and file on behalf of each Company and its subsidiaries and affiliates all other petitions, schedules, lists, motions, applications, pleadings, papers, or documents, and to take any and all other action that such Authorized Officers deem necessary or desirable to obtain such relief, including, but not limited to, any action necessary or desirable to maintain the ordinary course operations (or, as applicable, any Sale, Disposition, or Liquidation transactions) of each Company's and/or of its subsidiaries' or affiliates' businesses; and it is further

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered to employ the following professionals on behalf of each Company: (a) the law firm of Eversheds Sutherland (US) LLP as general bankruptcy counsel; (b) Ernst & Young LLP as its financial advisor; and (c) such other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as the Authorized Officers deem necessary or desirable, in each case, to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any other applicable law (including, but not limited to, the law firms filing any Bankruptcy Petition or other petitions, schedules, lists, motions, applications, pleadings, papers, or documents); and in connection therewith, each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and it is further

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered to execute and file any Bankruptcy Petition or other petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Officers in such Authorized Officers' absolute discretion deem necessary or desirable in accordance with these resolutions; and it is further

RESOLVED, that each Company shall be, and hereby is, authorized, directed, and empowered by the board of directors of each Company to: (a) undertake any and all transactions contemplated by any DIP Credit Facilities; (b) borrow funds from, request the issuance of letters of credit from, provide guaranties to, pledge its assets as collateral to, and undertake any and all related transactions contemplated thereby (collectively, the "DIP Financing Transactions") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of each Company or the other DIP Borrowers; (c) execute, deliver, and cause each Company or each of the other DIP Borrowers to incur and perform its obligations under the DIP Credit Agreement and DIP Financing Transactions; (d) finalize the DIP Credit Agreement and DIP Financing Transactions, consistent in all material respects with those that may be or have been presented to and reviewed by the board of directors of each Company; and (e) pay related fees and grant security interests in and liens upon some, any or all of each Company's assets, as may be deemed necessary or desirable by any one or more of the Authorized Officers in connection with such DIP Financing Transactions; and it is further

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers, be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, such Company, as debtor and debtor-in-possession, to (a) take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause each Company to incur and perform its obligations under the DIP Credit Agreement and the DIP Facilities Loan Documentation, any secured cash management agreements, any agreements with any letter of credit issuer, and all other agreements, instruments, and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, deeds of covenants, consents, notes, pledge agreements, security agreements, control agreements, letters of credit, or other credit support) or any amendments to any such documents or any waivers thereunder that may be contemplated by, or required in connection with, the DIP Loan Facilities Documentation and the DIP Financing Transactions (collectively, the "DIP Financing Documents"); and (b) incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officers shall determine to be necessary or desirable to consummate the transactions contemplated by the DIP Credit Agreement and the DIP Loan Facilities Documentation, which determination shall be conclusively evidenced by such Authorized Officers' execution or delivery thereof; and it is further

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered to authorize the filing of any Uniform Commercial Code financing statements and any necessary assignments for security in connection with the DIP Credit Facility; and it is further

RESOLVED, that each Company and its subsidiaries and affiliates will obtain benefits from the incurrence of the loans under the DIP Credit Agreement and the occurrence and consummation of the DIP Financing Transactions under the DIP Financing Documents, which are necessary or desirable to the conduct, promotion, and attainment of the business of each Company; and it is further

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company may provide certain adequate protection to its secured creditors; and it is further

RESOLVED, that each of the Authorized Officers of each Company, acting alone or with one or more other Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of such Company, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the interim DIP Order and the DIP Financing Documents, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case in the form

or substantially in the form thereof that may be or has been submitted to the board of directors of each Company, with such changes, additions, and modifications thereto as the Authorized Officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officers' execution and delivery thereof; and it is further

RESOLVED, that each of the Authorized Offices be, and hereby is, authorized, directed, and empowered to execute and file all petitions, schedules, lists, motions, applications, pleadings, papers, or documents to perform such further actions and execute such further documentation that such Authorized Officer in such Authorized Officer's absolute discretion deems necessary or desirable in accordance with these resolutions; and it is further

RESOLVED, that in addition to the specific authorizations conferred herein upon the Authorized Officers, the Authorized Officers, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized, directed, and empowered to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company related to the transactions contemplated herein, pay all expenses, and take or cause to be taken any and all such other and further action, in each case, as in such Authorized Officers' judgment, shall be necessary or desirable in order to fully carry out the intent and accomplish the purpose of the resolutions adopted herein; and it is further

RESOLVED, that the board of directors of each Company has received sufficient notice of the actions and transactions related to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice; and it is further

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions, which the board of directors of each Company finds to be in the best interests of each Company and its stakeholders as a whole, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of the resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the board of directors of each Company; and it is further

RESOLVED, that each of the Authorized Officers be, and each of them hereby is, authorized, directed, and empowered to do all such other acts, deeds, and other things as each Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions as the individual acting may in such individual's absolute and unfettered discretion approve, deem, or determine necessary or desirable, such approval, deeming, or determination to be conclusively evidenced by such individual taking such action.

**Fill in this information to identify the case:**

Debtor name: API Americas Inc., et al.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                  12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | **Toray Plastics America Inc**<br>50 Belver Avenue<br>North Kingston, RI 2852 | Name: Attn: Alexander Chang<br>Phone: 401-316-4525<br>Email: Alexander.Chang@TorayTAP.com | Trade debt | | | | $532,379.52 |
| 2 | **WestRock Company**<br>2577 Research Dr<br>Corona, CA 92882 | Name: Attn: Tara Greenhaw<br>Phone: 203-249-1409<br>Email: tara.greenhaw@westrock.com | Trade debt | | | | $447,250.86 |
| 3 | **Barton Solvents Inc**<br>PO Box 11207<br>Kansas City, KS 66111-0207 | Name: Attn: Andy Betts<br>Phone: 913-287-5500<br>Email: Andyb@barsol.com | Trade debt | | | | $258,691.17 |
| 4 | **Chempoint**<br>13727 Collections Center Dr<br>Chicago, IL 60693-0000 | Name: Attn: Claire Stenerson<br>Phone: 425-372-9205<br>Email: claire.stenersen@chempoint.com | Trade debt | | | | $181,298.97 |
| 5 | **Royal Adhesives and Sealants LLC**<br>C/O Key Bank<br>PO Box 711886<br>Cincinnati, OH 45271-1886 | Name: Attn: Michael Basch<br>Phone: 201-747-4945<br>Email: michael.basch@hbfuller.com | Trade debt | | | | $140,255.13 |
| 6 | **ITW Foilmark**<br>PO Box 2853<br>Carol Stream, IL 60132 | Name: Attn: Barrett King<br>Phone:<br>Email: barrett.king@itwsf.com | Trade debt | | | | $107,140.71 |
| 7 | **K Laser Technology Co Ltd**<br>3123 W. Macarthur Blvd.<br>Santa Ana, CA 92704-6907 | Name: Attn: Kevin Michaels<br>Phone: 949-422-4890<br>Email: kevinmichaels@klaser-use.com | Trade debt | | | | $86,606.52 |
| 8 | **Capital Adhesives & Packing Corp**<br>1260 South Old State Rd. 67<br>Mooresville, IN 46158 | Name: Attn: Tom Jarvis<br>Phone: 317-834-5415<br>Email: tjarvis@capitaladhesives.com | Trade debt | | | | $86,597.13 |

Debtor  API Americas Inc., et al.
Name

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | **Web Plastics Company LLC** Sterling National Bank 500 7th Ave 10018 Manhattan, NY 10018 | Name: Attn: Thom Cartledge Phone: 203-988-0600 Email: thom.cartledge@comcast.net | Trade debt | | | | $83,285.03 |
| 10 | **Palmer Holland Inc** PO Box 71-5158 Columbus, OH 43271-5158 | Name: Attn: Amanda Catri Phone: 440-385-6994 Email: acatri@palmerholland.com | Trade debt | | | | $75,412.91 |
| 11 | **Dunmore Corporation** 145 Wharton Road Bristol, PA 19007 | Name: Attn: Roger Drain Phone: 845-230-7244 Email: acatri@palmerholland.com | Related Party - Trade debt | | | | $66,235.90 |
| 12 | **Geochem Solutions, Inc.** 60 Fourth Street Somerville, NJ 8876 | Name: Attn: George Schmitz Phone: 908-252-1290 Email: acatri@palmerholland.com | Trade debt | | | | $65,699.20 |
| 13 | **Akzonobel Coatings Inc** PO Box 847206 Dallas, TX 75284-7206 | Name: Attn: Forest Fleming Phone: 336-689-6572 Email: acatri@palmerholland.com | Trade debt | | | | $65,575.67 |
| 14 | **DSV Air & Sea, Inc.** 7501 NW Tiffany Springs Pkwy, Ste 201 Kansas City, MO 64153 | Name: Attn: Saulius Tunkunas Phone: 816-891-0077 ext. 6010 Email: acatri@palmerholland.com | Trade debt | | | | $63,607.51 |
| 15 | **Trinity Logistics Inc** PO BOX 536203 Pittsburgh, PA 15253-5904 | Name: Attn: Christine Nolte Phone: 816-456-2344 Email: acatri@palmerholland.com | Trade debt | | | | $61,909.35 |
| 16 | **Custom Foils Co** Building 36 185 Foundry St Newark, NJ 07105-0000 | Name: Attn: Steve Phone: 973-344-1434 Email: acatri@palmerholland.com | Trade debt | | | | $61,669.68 |
| 17 | **API Laminates Limited** Second Avenue Poynton Industrial Est Poynton Stockport, Cheshire SK12 1ND | Name: Attn: Alex Pontecaille Phone: +44(0) 1506-497-642 Email: alex.pontecaille@apigroup.com | Related Party - Intercompany | | | | $61,601.37 |
| 18 | **Vast Films Ltd** 5117 Erie Street New Castle, PA 16102 | Name: Attn: Laurence Holden Phone: 609-433-0372 Email: l.holden@vastfilm.com | Trade debt | | | | $55,363.00 |
| 19 | **Pan Chemical** 115-117 Moonachie Ave Carlstadt, NJ 07072-0000 | Name: Attn: Patty Protze Phone: 201-438-7878 ext. 7111 Email: pprotze@pantechnology.com | Trade debt | | | | $49,622.00 |
| 20 | **Advanced Coated Products** Gloucester Road Cheltenham, United Kingdom GL51 8NH | Name: Attn: Anna Polak Phone: +44(0) 1242-512-345 Email: anna.polak@adcoat.co.uk | Trade debt | | | | $42,236.71 |

Official Form 204     Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims     page 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| API AMERICAS INC., et al., | § | Case No. 20-_____ |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |
| | § | |

COMBINED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY SECURITY HOLDERS PURSUANT TO
FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, API Americas Inc. and certain of its affiliates, who are debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, "Debtors"), hereby state as follows:

| Debtor | Equity Holder | % Interest |
|---|---|---|
| API Americas Inc. | API (USA) Holdings Limited<br>3841 Greenway Circle<br>Lawrence, KS 66046 | 100% |
| API (USA) Holdings Limited | API Overseas Holdings Limited<br>Second Avenue<br>Poynton Industrial Estate<br>Stockport, Cheshire, SK12 1ND, United Kingdom | 100% |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: API (USA) Holdings Limited (3934) and API Americas Inc. (9126). The location of the Debtors' service address is: 3841 Greenway Circle, Lawrence, Kansas 66046.

36503049.1 01/31/2020

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | API (USA) Holdings Limited |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    **Combined Statement of Corporate Ownership and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **February  2, 2020**         X **/s/ Douglas Woodworth**
                                              Signature of individual signing on behalf of debtor

                                              **Douglas Woodworth**
                                              Printed name

                                              **Director**
                                              Position or relationship to debtor